UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AL-MON JUMOKE JOHNSON,

Plaintiff,

v.

OFFICER MORE, et al.,

Defendants.

No.   2:26-cv-00475 CSK P

ORDER

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Plaintiff is granted an opportunity to elect to proceed with his potentially colorable Eighth Amendment claim against defendant Navarro, or may elect to amend his complaint as discussed below.

## I.      SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.

However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II.     THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

## III.     DISCUSSION

Named as defendants are floor officers More and Ainsworth and control tower officer Navarro.  (ECF No. 1 at 2.)  Plaintiff alleges that on December 26, 2025, plaintiff was assaulted by an inmate during dayroom while the officer in the tower just watched and did nothing.  (Id. at 3.)  The inmate who attacked plaintiff had a weapon and threatened that if plaintiff tried to leave the building or told correctional staff, plaintiff would be killed.  (Id.)  For days after, plaintiff was

3

forced by this inmate and other inmates to stay in plaintiff's cell until plaintiff's eyes "went down" because they were swollen.  (Id.)  Plaintiff was told by other inmates that the other inmates who had threatened plaintiff's life intended to stab plaintiff that week.  (Id.)  Plaintiff then devised a plan to escape from the building and alert correctional staff about what had happened.  (Id.)  Plaintiff was placed into protective custody.  (Id.)  The inmate who assaulted plaintiff received a rules violation.  (Id.)  The officers claimed they had no knowledge of the assault until they viewed the video of the incident nearly a month later.  (Id.)  As his legal claim, plaintiff alleges violation of the Eighth Amendment.  (Id.)

Although plaintiff does not identify by name the tower officer who allegedly watched the assault on plaintiff and failed to intervene, it appears that defendant Navarro is this tower officer. This Court finds that plaintiff states a potentially colorable Eighth Amendment claim against defendant Navarro.

The complaint contains no specific allegations against defendants More and Ainsworth. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

4

Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

The claims against defendants More and Ainsworth are dismissed because these defendants are not linked to the alleged deprivations.  If plaintiff files an amended complaint, plaintiff shall allege facts demonstrating how defendants More and Ainsworth violated plaintiff's constitutional rights.

## IV.    PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendant Navarro and pursue his potentially cognizable Eighth Amendment claim against only defendant Navarro, or he may delay serving any defendant and attempt to state a cognizable claim against defendants More and Ainsworth.  If plaintiff elects to proceed forthwith against defendant Navarro, against whom he stated a potentially cognizable Eighth Amendment claim for relief, then within thirty days plaintiff must so elect on the attached form.  In this event the Court will construe plaintiff's election as consent to dismissal of the Eighth Amendment claims against defendants More and Ainsworth without prejudice.  Under this option, plaintiff does not need to file an amended complaint.

Or, plaintiff may delay serving any defendant and attempt again to state a cognizable claim against defendants More and Ainsworth.  If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants More and Ainsworth, plaintiff has thirty days to amend.  Plaintiff is not granted leave to add new claims or new defendants.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, plaintiff has complied with the California Government Claims Act, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

5

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth.  Id.

An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading is superseded.  Plaintiff  is not granted leave to add new claims or new defendants.

**V.     CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently

6

herewith.

3. Claims against defendants More and Ainsworth are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against defendants More and Ainsworth.  Plaintiff is not obligated to amend his complaint.

4. The allegations in the complaint are sufficient to state a potentially cognizable Eighth Amendment claim against defendant Navarro.  See 28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as to such claim, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order.  In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  May 29, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

John475.14.opt/2

7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AL-MON JUMOKE JOHNSON,

           Plaintiff,

      v.

OFFICER MORE, et al.,

           Defendants.

No.  2:26-cv-00475 CSK P

NOTICE OF ELECTION

Plaintiff elects to proceed as follows:

_____     Plaintiff opts to proceed with his Eighth Amendment claim against defendant Navarro.  Under this option, plaintiff consents to dismissal of the Eighth Amendment claims against defendants More and Ainsworth, without prejudice.

**OR**

_____     Plaintiff opts to file an amended complaint and delay service of process.

DATED:

_____
                             Plaintiff